The contract is claimed to be illegal and void for several reasons, the chief of which is that the Burns Law was not complied with, in that there was no money in the treasury to the credit of the sewer fund applicable to payment for the construction of the sewer, and that there was no certificate of the auditor to that effect as required by law.
The defendant, by its answer, admits this, and it is further stated by way of answer that the defendants are not now proceeding to operate under the said contract; that the contractor ceased to do any work under the contract some twenty days prior to the bringing of this suit, and that prior to the bringing of the suit the city had, under the authority of the contract, terminated and ended all of the contractor’s rights under his contract on account of his breach of the contract; that the contractor does not propose to do further work under the contract; that the city will not permit him to do so; that the city will draw no further voucher of any kind under and by virtue of the contract in favor of the defendant, King, nor will any more money be paid out as compensation for material furnished and labor performed under the contract.
A general demurrer has been filed by the plaintiff to the answer, and it is contended that when the city admits that there was no compliance with the Burns Law, that the answer is clearly bad. The city calls attention to the fact that the same defense was made in certain cases presented to and decided by another branch of this court, and that, notwithstanding the failure to comply with the Burns Law, the court held an injunction would not lie under the circumstances disclosed by the pleadings in this case. I have examined the opinion of Judge Dillon attached and the pleadings in the cases submitted to him, and there is no question but that the very question here presented was presented to and decided by Judge Dillon. It is a rule of this court that where the exact question presented has been decided by another branch of the court, that for the sake of uniformity of decision, it will be followed until reversed by a higher court. There is no question but that Judge Dillon’s *367 decision is in point and decisive of the question here presented.
But there is another reason which it seems to me requires the court to overrule the demurrer, and that is the averments of the answer, that the city authorities have terminated the contract with the contractor and that no further steps are or will be taken under it by the contractor, it being terminated by the city by virtue of the terms of the contract itself, and that no money will be paid out by the city to the contractor.
Now the object and purpose of injunction is to prevent threatened injury. Where there is no injury reasonably to be apprehended, courts do not exercise this extraordinary power vested in them for the protection of property rights. I do not understand why a tax-payer should bring such, an action after the city had, under the terms of the contract, terminated it. If the action had been brought before the contract was terminated, a different question would be presented. But unless the city were acting in bad faith, where is the necessity for such an action after the contract has been ended and the contractor discharged from work ? True, it is said in argument, that at some future time some other board, or a board composed of other members, may not feel bound by the acts of the present board, and might proceed under the contract. If that time should come, then it will be time for the tax-payers to intervene, but when there is no danger threatening, I am of opinion that a tax-payer has no right to come into court and ask the court to grant something which he does not need. The courts do not make useless orders, and such orders as injunction are only made, as I understand the rule, when there is a real danger to be apprehended. The rule on the subje'ct is stated by Spelling in his work on injunction and other extraordinary remedies at Section 18. He says:
“An injunction is never granted except for substantial reasons founded on actual interest. Nor is an injunction justified by the fact that, if there be no intention on the part of the defendant to do the acts feared, the injunction can do no harm. The court will not interfere unless the evidence shows a probability of defendant doing the act wheh it is sought to restrain. * * * It is not sufficient that the complainant apprehends or fears the commission of prejudicial acts by the defendant, *368 since there may, in fact, be no substantial grounds therefor. Facts establishing the probability of the commission of such acts, unless the defendant be restrained, are necessary.”
Nash, Leniz, Addison & Fritter, for plaintiff.
James M. Butter, for defendant.
. As to the contention of plaintiff that the Burns Law applies, there seems to me to be great force in the argument presented that the contract was null and void because of the failure to comply with the Burns Law. But I follow the rule established for the sake of uniformity of decision upon that question. I am also of opinion that the averments concerning the termination of the contract, and the evidence that no further vouchers are about to be or will be drawn to pay for work done under the contract, are proper averments in an answer, and, if proven, will constitute a defense. For the above reasons the demurrer must be overruled.